UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DARRIN JOHNSON, *pro se*,            :
                                      :
                    Petitioner,       :
                                      :            **SUMMARY ORDER**
            -against-                 :            12-CV-4096 (DLI)
                                      :
WILLIAM J. CONNOLLY, Superintendent   :
of Fishkill Correctional Facility,    :
                                      :
                    Respondent.       :
--------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

By petition dated August 8, 2012, *pro se* petitioner Darrin Johnson, incarcerated at Fishkill Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 2004 New York State Supreme Court, Kings County criminal conviction. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation no later than December 21, 2012 explaining why the petition should not be dismissed as time-barred.

## DISCUSSION

The court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis

omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

A.  Background

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. Petitioner alleges that he was convicted on February 2, 2004. (Petition ("Pet.") at 1.) The Appellate Division, Second Department, affirmed the conviction on July 28, 2009. *See People v. Johnson*, 64 A.D. 3d 792 (2d Dept. 2009). On January 27, 2010, the New York State Court of Appeals denied petitioner leave to appeal. *See*

*People v. Johnson*, 13 N.Y. 3d 939 (2010). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal – *i.e.* after the **period in which a litigant can petition for a writ of certiorari from the United States Supreme Court.** *Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about April 27, 2010, and this petition should have been filed on or before April 27, 2011. The instant petition was filed with this Court on August 8, 2012 and is thus barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

B.      <u>Statutory Tolling</u>

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F. 3d 13, 16 (2d Cir. 2000) (per curiam).

On April 12, 2010, petitioner filed a state habeas corpus petition, which was denied on April 21, 2010, before his conviction became final. (Pet. at 2.) On December 23, 2010, nearly eight months <u>after</u> petitioner's conviction became final, petitioner filed a post-conviction motion pursuant to § 440.20 of the New York Criminal Procedure Law ("440 Motion"), which was denied on February 14, 2011. (*Id.* at 4, 6.) On August 12, 2011, the Appellate Division, Second Department denied petitioner leave to appeal. (*Id.* at 7.) The 232 day pendency of petitioner's 440 motion does not render his instant petition timely.

3

C.      Equitable Tolling

In order to be eligible for equitable tolling, a habeas petitioner must establish, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F. 3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010)); *Jenkins v. Greene,* 630 F. 3d 298, 302 (2d Cir. 2010). This Circuit previously has held that equitable tolling should be applied only in "rare and exceptional circumstances." *Walker v. Jastremski,* 430 F. 3d 560, 564 (2d Cir. 2005). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F. 3d 129, 134 (2d Cir. 2000); *see also Jenkins*, 630 F. 3d at 303. On the present record, there is no basis for equitable tolling.

## CONCLUSION

For the reasons set forth above, petitioner is directed to show cause by written affirmation, no later than December 21, 2012, why the instant petition should not be dismissed as time-barred.[1] *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (citing *Acosta v. Artuz*, 221 F. 3d 117, 124-25 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, courts must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts that would support tolling of the statute of limitations.

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order, *i.e.* until December 21, 2012. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 22, 2011

/s/
DORA L. IRIZARRY
United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARRIN JOHNSON, pro se,                      :
                                             :
              Petitioner,                    :
                                             :      PETITIONER'S AFFIRMATION
       -against-                             :      12-CV-4096 (DLI)
                                             :
WILLIAM J. CONNOLLY, Superintendent           :
of Fishkill Correctional Facility,           :
                                             :
              Respondent.                    :
-------------------------------------------------------x
```

STATE OF _____   }
COUNTY OF _____   } SS:

Darrin Johnson makes the following affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because

_____

_____

_____

_____

    [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

    In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____         _____
                                                              Signature

                                                              _____
                                                              Address
                                                             _____

                                                             _____
                                                             City, State & ZIP