UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARRIN JOHNSON, *pro se*,          :
                                    :
               Petitioner,            :
                                    :          **SUMMARY ORDER**
               -against-             :          12-CV-4096 (DLI)
                                    :
WILLIAM J. CONNOLLY, Superintendent :
of Fishkill Correctional Facility, :
                                    :
               Respondent.            :
-------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

       By petition dated August 8, 2012, petitioner Darrin Johnson ("Petitioner"), incarcerated at Fishkill Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 2004 Kings County conviction. (Petition ("Pet."), Doc. Entry No. 1.) By Order dated October 22, 2012, Petitioner was directed to show cause by affirmation why his petition should not be dismissed as time-barred, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), 28 U.S.C. § 2244(d)(1). (*See* Doc Entry No 4.) Pursuant to the Court's instruction, Petitioner submitted a timely affirmation dated November 27, 2012. (*See* Petitioner's Affirmation ("Pet. Aff."), Doc. Entry No. 5.) For the reasons set forth below, after review of Petitioner's written affirmation, the petition is dismissed as untimely under 28 U.S.C. § 2244(d).

**DISCUSSION**

       The Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court construes *pro se* pleadings "to raise the strongest arguments that

1

they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, created a one-year statute of limitations for petitioners to file for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred under the Act. Petitioner alleges that he was convicted on February 2, 2004. (Pet. at 1.) The Appellate Division, Second Department, affirmed the conviction on July 28, 2009. *See People v. Johnson*, 64 A.D. 3d 792 (2d Dept. 2009). On January 27, 2010, the New York State Court of Appeals denied Petitioner leave to appeal. *See People v. Johnson*, 13 N.Y. 3d 939 (2010). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal – *i.e.,* after the period in which a litigant can petition for a *writ of certiorari* from the United States Supreme Court. *Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001). Therefore, Petitioner's conviction became final on or about April 27, 2010, and this petition should have been filed on or before April 27, 2011. The instant petition was filed with this Court on August 8, 2012 and is thus barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

**A.     Statutory Tolling**

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2).

On April 12, 2010, Petitioner filed a state habeas corpus petition, which was denied on April 21, 2010, before his conviction became final. (Pet. at 2.) On December 23, 2010, nearly eight months after Petitioner's conviction became final, Petitioner filed a post-conviction motion

pursuant to New York Criminal Procedure Law § 440.20 ("440 Motion"), which was denied on February 14, 2011. (*Id.* at 4, 6.) On August 12, 2011, the Appellate Division, Second Department denied petitioner leave to appeal. (*Id.* at 7.)

Petitioner argues the one-year statute of limitations period should run from August 12, 2011, when the Appellate Division, Second Department denied him leave to appeal, because Petitioner "was giving the lower court the opportunity to correct its own error which concerned the constitutional infirmities regarding the legality of his sentence." (Pet. Aff. at 2.) However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Smith v. McGinnis*, 208 F. 3d 13, 16 (2d Cir. 2000) (per curiam). Thus, the 232-day pendency of Petitioner's 440 motion does not render his instant petition timely.

**B.     Equitable Tolling**

In order to be eligible for equitable tolling, a habeas petitioner must establish, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F. 3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010)); *Jenkins v. Greene*, 630 F. 3d 298, 302 (2d Cir. 2010). This Circuit previously has held that equitable tolling should be applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F. 3d 560, 564 (2d Cir. 2005). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*,

3

224 F. 3d 129, 134 (2d Cir. 2000); *see also Jenkins*, 630 F. 3d at 303. Petitioner does not offer any reasons why equitable tolling should apply. (*See generally* Pet. Aff.) Accordingly, Petitioner has failed to set forth any basis for this Court to equitably toll the AEDPA one-year statute of limitations.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely under 28 U.S.C. § 2244(d)(1). Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 29, 2013

/s/
DORA L. IRIZARRY
United States District Judge